# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Kenneth Doyle Bailey,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondent(s) | CV-05-0650-PHX-ROS (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 28, 2005 (#1). On November 7, 2005, Respondents filed their Answer (#11). Petitioner filed a Reply on January 9, 2006 (#16).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Because the petition may be resolved on the basis of the statute of limitations, the undersigned limits the review of the factual and procedural background to those matters pertinent to a timeliness determination.

### A. PROCEEDINGS AT TRIAL

On July 12, 2000, Petitioner was indicted by the Maricopa County, Arizona, grand jury

on two counts of robbery. (Exhibit A, Indictment.)[1] Petitioner subsequently entered into a plea agreement (Exhibit D), and was sentenced on November 17, 2000 to consecutive sentences of 12 and 3 years on the two counts. (Exhibit E, M.E. 11/17/00.)

### B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner, having waived his right to appeal in the plea agreement (Exhibit D), did not file a direct appeal. (Petition, #1 at 2.)

### C.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Petition** - On November 28, 2000, Petitioner filed a Notice of Post-Conviction Relief (Exhibit F). Counsel was appointed, and on June 3, 2002 counsel filed a Petition for Post-Conviction Relief asserting that the plea was involuntary because Petitioner had not had glasses available to read the plea agreement and counsel had misrepresented the possible sentencing range. (Exhibit H). The petition was not signed by Petitioner, and accordingly counsel simultaneously filed a Motion to Accept Petition Until Verified Copy is Returned from Defendant in Prison (Exhibit G).

It became apparent that the lack of a signature was not accidental when, on June 11, 2002, Petitioner filed a Motion to Dismiss Defense Counsel and Appoint New Counsel (Exhibit I), arguing that appointed counsel refused to follow his instructions as to the claims to be asserted in his PCR petition. Petitioner argued that "[w]ithout Defendant's consent and sanction, defense counsel Louise Stark filed" the PCR petition and motion to accept it unsigned. (Exhibit I at 2.) In response, the State moved to "return" the unsigned petition to Petitioner, giving him 30 days pursuant to Ariz.R.Crim.P. 32.5 to revise and refile a proper petition. (Exhibit J.)

On June 28, 2002, the trial court granted defense counsel's motion to file the unverified petition, and ordered the State to file a response. but did not decide the State's

---

[1] Exhibits to the Answer (#11) are referenced herein as "Exhibit ___."

motion to return.  (Exhibit K.)  On July 1, 2002, the court denied Petitioner's motion to dismiss counsel.  (Exhibit L.)

The State filed its Response (Exhibit M), and Petitioner sought reconsideration of the motion to dismiss defense counsel, again arguing that the petition filed by counsel was "less than comprehensive, unsupported by evidence . . . [and] in opposition with all of the Defendant's concerns."  (Exhibit N at 4.)

On October 22, 2002, the trial court noted that the petition remained unverified, despite the passage of more than the 30 days permitted under Ariz.R.Crim.P. 32.5, and dismissed the petition with prejudice.  (Exhibit O.)

Petitioner subsequently sought review by the Arizona Court of Appeals (Exhibit P), which was summarily denied on January 14, 2004 (Exhibit Q).

**Second PCR Petition** - On August 17, 2004, Defendant filed a second Notice of Post-Conviction Relief, which was dismissed as untimely on August 30, 2004.  (Exhibit R.)   In the Minute Entry dismissing that notice, the Court noted that the appellate order on Petitioner's first PCR petition was issued on March 5, 2004.  (*Id.*  at 1.)

**D.  PRESENT FEDERAL HABEAS PROCEEDINGS**

Petitioner commenced the present proceeding by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 28, 2005 (#1).  The Petition was executed on February 24, 2005.  (Petition, #1 at 9.)  Petitioner's Petition asserts three grounds for relief, including: involuntary plea; sentencing based on facts not plead to or found by a jury; and ineffective assistance of trial counsel and PCR counsel.

On November 7, 2005, Respondents filed their Answer (#11).  Respondents argue that the Petition is untimely, and must be dismissed pursuant to 28 U.S.C. § 2244. Petitioner filed a Reply on January 9, 2006 (#16), arguing that although his petition for review was denied by the Arizona Court of Appeals on January 14, 2004, Petitioner did not receive notice of the denial until March 2, 2004  (#16 at 6), and the trial court reported that the order was not issued until March 5, 2004 (*id.*  at 7).

### III. APPLICATION OF LAW TO FACTS

**A.  STATUTE OF LIMITATIONS**

Respondents assert that Petitioner's Petition is untimely.  Because the matter can be disposed of on that basis, the undersigned does not address the other procedural bars nor the merits of the Petition.

**1.  One Year Limitations Period**

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).    Petitions filed beyond the one year limitations period are barred and must be dismissed.

**2. Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**Direct Review** - In Arizona, a pleading petitioner's conviction becomes final at sentencing, because he has waived his right to direct appeal.  In some jurisdictions, the proposition might be suspect in light of the ability of a defendant to challenge the voluntariness of an appeal, despite  a waiver of the right to appeal.  In Arizona, however, the denial of the right to appeal following a guilty plea is absolute and statutorily mandated.

> B. In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.

Ariz. Rev. Stat. § 13-4033 (2001). *See also* Ariz.R.Crim.P. 17.1(e) (waiver of appeal by guilty plea).  Thus, by virtue of his guilty plea, Petitioner had no right of direct appeal, but was relegated to seeking review by way of post-conviction relief, even of a claim that the plea was involuntary. *See State v. Jimenez*, 188 Ariz. 342, 344, 935 P.2d 920, 922 (App. 1996).

1  Accordingly, Petitioner's conviction became final upon sentencing on November 17,
2  2000.[2]  (Exhibit E.)  Therefore, his one year expired on November 17, 2001.

3  **<u>Filing Date And the Prisoner Mailbox Rule</u>** - Here Petitioner's Petition (#1) was
4  not filed until February 28, 2005.  However, for purposes of calculating time under § 2244(d),
5  the federal prisoner "mailbox rule" applies.  Under this rule, a prisoner's filings are deemed
6  "filed" when they are delivered to prison officials for mailing.  *Anthony v. Cambra*, 236 F.3d
7  568 (9th Cir. 2000).  Pre-requisites to application of the mailbox rule include: (1) that the
8  petitioner is not represented by counsel; and (2) the petition is delivered to prison officials for
9  forwarding to the courts within the limitations period.  *Stillman v. LaMarque*, 319 F.3d 1199
10  (9th Cir. 2003).  Petitioner, who is appearing *pro se*, plainly meets the first criteria in this
11  proceeding.  It is not clear, however, if or when he delivered his petition to prison officials for
12  mailing.  His petition simply indicates that it was "Executed on February 24, 2005."  (Petition,
13  #1 at 9.)  Because it does not alter the outcome, the Court presumes Petitioner is entitled to
14  application of the "mailbox rule," and will treat February 24, 2005, the earliest possible date,
15  as the mailing date and therefore as the filing date of his Petition.

16  Even with application of the "mailbox rule," Petitioner's habeas petition, deemed filed
17  February 24, 2005 was filed well beyond the expiration of the one year on November 17,
18  2001.

19

20  **2. Statutory Tolling**

21  Section 2244(d) provides for tolling of the limitations period when a "properly filed
22  application for State post-conviction or other collateral relief with respect to the pertinent
23  judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This statutory tolling applies during

---

[2] Direct review is normally not deemed complete until the time for a writ of certiorari to the U.S. Supreme Court has expired.  *See Bowen v. Roe,* 188 F.3d 1157, 1158 (9th Cir.1999).  Certiorari  review may only be sought following a decision by the state court of last resort, i.e. the Arizona Supreme Court.  *Flynt vs. Ohio*, 451 U.S. 619 (1981).  Accordingly, the time for seeking a writ of certiorari cannot be considered in determining when Petitioner's judgment became final because review by the state court of last resort was not sought.  *Eisermann vs. Penarosa,* 33 F. Supp. 2d 1269 (D. Hawaii 1999).  *See also Foreman v. Dretke,* 383 F.3d 336, 338 (5th Cir. 2004) ("If a criminal defendant has pursued his direct appeal through the highest state court, then this period includes the 90 days for filing a petition for certiorari to the Supreme Court. If not, then it includes the time for seeking further state-court direct review.").

the entire time during which the application is pending, including interludes between various stages of appeal on the application. The "AEDPA statute of limitations [is] tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)).

**Tolling from First PCR Petition** - Petitioner's first state Petition for Post-Conviction Relief was filed June 3, 2002. (Exhibit H.) However, Petitioner arguably commenced that proceeding, and made application for such relief, upon the filing of his Notice of Post-Conviction Relief on November 28, 2000, or under the prisoner mailbox rule, on November 24, 2000, when Petitioner delivered it to prison officials. (Exhibit F at Certification.) Because it does not affect the outcome, the undersigned assumes for purposes of this Report & Recommendation that this application should be deemed "pending" within the meaning of 28 U.S.C. § 2244(d)(2) as of November 24, 2000. As of that date, 7 days of Petitioner's one year had expired. That state application remained pending until January 14, 2004, when Petitioner's Petition for Review was denied. (Exhibit Q.)

In addition, Petitioner is entitled to tolling for the time he had to seek review by the Arizona Supreme Court, following the denial by the Arizona Court of Appeals. *See Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001). Thus Petitioner's PCR petitione remained pending for an additional thirty days, until February 13, 2004. *See* Ariz.R.Crim.P. 32.9 (Supreme Court review on PCRs governed by normal criminal appellate rules) and Rule 31.19 (petition for review by Arizona Supreme Court due within 30 days of filing of decision by Court of Appeals).

**Issuance of Mandate** - Petitioner argues that he is entitled to tolling until March 2, 2004 because he did not receive notice of the denial of the petition for review until then. However, § 2244(d)(2) does not extend tolling until notice is received. Some delay between a court's ruling and the receipt of notice must be expected in essentially every case. Petitioner attempts to argue that the order was not even issued until March 5, 2004. (Reply, #16 at 7.)

- 6 -

In support of this, Petitioner cites the trial court's order on August 30, 2004 denying his second PCR petition, where the trial court notes that the "appellate order denying review in defendant's case was issued on March 5, 2004." (Exhibit R at 1.)  This contradicts the record in this case (*see* Exhibit Q), and likely reflects the date of the mandate by the Arizona Court of Appeals.  *See* Ariz.R.Crim.P. 31.23 (discussing procedure for issuance of mandate after expiration of time for motions for reconsideration and further review).  Moreover, Petitioner does not explain how he could have received the order three days earlier, on March 2, 2004.

Even if it is assumed that this March, 2004 order referred to is the Arizona Court of Appeals' mandate, Petitioner would not be entitled to additional tolling until this later date. Absent state law to the contrary, an appeal is deemed concluded upon the decision of the state court, and not upon issuance of its mandate.  *See Wixom v. Washington,* 264 F.3d 894, 897-98 (9th Cir. 2001) (Washington state rule made appeal final on issuance of decision); *Bunney v. Mitchell,* 262 F.3d 973 (9th Cir. 2001) (California rule made decision final 30 days after issuance of decision); *White v. Klitzkie,* 281 F.3d 920, 924 n.1 (9th Cir. 2002)(absent rule to contrary, date of decision not mandate controls).

The Arizona Rules of Criminal Procedure do not expressly delay the operation of an appellate decision until issuance of the mandate.  *See generally* Ariz.R.Crim.P. 31.23 (establishing time and procedure of issuance of mandate).  In *State v. Ward*, the Arizona court held that for purposes of speedy trial rules, an appellate court's "decision is not final until after time for rehearing has passed and the order (or mandate) has issued."  Ward, 120 Ariz. 413, 415, 586 P.2d 974, 976 (1978).  In *State v. Dalglish*, the Arizona court concluded that for purposes of determining whether a change in the law was being applied retroactively, an Arizona appellate decision is final upon issuance of the mandate, notwithstanding a subsequent order on a motion for rehearing.  *Dalglish*, 183 Ariz. 188, 901 P.2d 1218 (App.1995). Outside those two circumstances, the Arizona courts have not addressed this issue. Accordingly, the general rule espoused in *White v. Klitzkie* applies, and the relevant trigger is the date of the decision of the Arizona Court of Appeals, and not the date of issuance of the

1 mandate.

2 **Lack of Certification** - Respondents argue that Petitioner is not entitled to any
3 statutory tolling for this petition, because it was not certified by Petitioner and therefore was
4 not properly filed. Indeed, § 2244(d)(2) requires that a state application must be "properly
5 filed" to toll the running of the statute.

6 Arizona Rule of Criminal Procedure 32.5 directs that a defendant filing a PCR petition
7 must include all of his grounds for relief, and must "certify that he or she has done so." The
8 Rule further provides that in the event of a failure to comply with the rule, the trial court shall
9 return the petition for corrections. The corrected petition must be refiled within 30 days, or
10 it is to be dismissed with prejudice. Ariz.R.Crim.P. 32.5. Petitioner's petition failed to
11 comply, and was eventually dismissed for that reason. (Exhibit O.) As such, it appears that the
12 petition was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *See e.g.*
13 *Hurley v. Moore,* 233 F.3d 1295, 1298 (11th Cir. 2000) (state motion filed without requisite
14 written oath was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).

15 However, because it does not affect the outcome, the undersigned presumes for
16 purposes of this Report & Recommendation that the PCR petition qualifies as having been
17 "properly filed," despite the lack of proper certification.[3]

18 Based upon the foregoing, Petitioner's limitations period was tolled from November
19 24, 2000 until February 13, 2004. As of the latter date, Petitioner had 358 days of his one
20 year remaining, which would expire on February 7, 2005. Therefore, Petitioner's Petition,
21 deemed filed February 24, 2005 was filed 17 days too late.

22 **Second PCR Petition** - Petitioner's second PCR proceeding was commenced on
23 August 17, 2004. (Exhibit R.) However, this petition was dismissed as untimely. (*Id.*) In
24 *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court made clear that a petition

---

[3] If this PCR petition were excluded from statutory tolling, Petitioner's argument that it justifies equitable tolling might have some credence. In such event, however, the tolling would only last so long as the matter had remained pending, and Petitioner would have been obligated to proceed with reasonable diligence thereafter. Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003). Petitioner's delay of almost one year did not exhibit reasonable diligence.

which is rejected on timeliness grounds is not "properly filed."  Accordingly, Petitioner is not entitled to any statutory tolling fro this filing.

**Impediments** - Petitioner argues, however that he is entitled to the application of 28 U.S.C. § 2244(d)(1)(B).  (Reply, # 16 at 2.)  That provision provides for a delayed start of the limitations period to "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."   However, the only impediments to which Petitioner points are those resulting from his disputes with counsel during the course of first PCR proceeding.  Assuming that these all constituted "State action," Petitioner fails to show why they prevented him from filing his federal habeas petition in a timely fashion.  As discussed above, Petitioner's federal filing was delinquent even if he is granted statutory tolling for the entire time his first PCR proceeding was pending.

### 3.  Equitable Tolling

Although Petitioner discusses equitable tolling in his Reply (#16 at 7), the only circumstances  he discusses which could justify equitable tolling are those surrounding his second PCR Petition.  The undersigned has already given Petitioner credit for statutory tolling for the entire time that petition was pending.  Accordingly, granting Petitioner equitable tolling based on events in those proceedings would not extend his time to file his federal petition.

### 4.  Timeliness of Petition

Petitioner's Federal Petition for Writ of Habeas Corpus was "filed" February 24, 2005. After being granted all statutory tolling to which Petitioner is arguably entitled, his one year limitations period would have expired no later than February 7, 2005.   Accordingly, Petitioner's Petition, is untimely, and must be dismissed.

//
//
//

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed February 28, 2005 (#1) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: April 17, 2006

JAY R. IRWIN
United States Magistrate Judge